BLAIR (MAYO v.). See Case No. 9,354.

BLAIR (UNITED STATES v.). See Case No. 14,607.

———

## Case No. 1,486.

### BLAIR v. WESTERN FEMALE SEMINARY.

[1 Bond, 578.] [1]

Circuit Court, S. D. Ohio. Oct. Term, 1864.

COURTS—JURISDICTION—CITIZENSHIP—REMOVAL TO ANOTHER STATE—DOMICILE.

The plaintiff, having left Cincinnati in 1856, with the purpose of permanently residing in Chicago, and having resided there till 1859, in the meantime exercising the right of voting in Illinois, was a citizen of that state in 1858, when this suit was brought, and had a right to sue in this court, though he afterward returned to Cincinnati. The fact, that his wife and younger children remained at Cincinnati did not, under the circumstances of this case, prevent the plaintiff from becoming a citizen of Illinois.

[See Cooper v. Galbraith, Case No. 3,193.]

[At law. Action by John Blair against the Western Female Seminary for breach of contract. Heard on a plea to the jurisdiction. Overruled.]

C. D. Coffin, for plaintiff.
S. J. Thompson, for defendant.

OPINION OF THE COURT. For some unexplained reason, this case has been pending in this court since the year 1858. It was brought by the plaintiff, as a citizen of Illinois, to recover an alleged balance due him on a contract for building the Western Female Seminary, an incorporated institution located at the town of Oxford, in Butler

---

[1] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

county. The defendant has at length appeared to the action, and has filed a plea to the jurisdiction of the court, on the ground that the plaintiff was a citizen of the state of Ohio at the time suit was brought, and has since continued to be such. The plaintiff has joined issue with the defendant, and the question of jurisdiction is the only one now before the court.

The evidence seems to be conclusive, that the plaintiff, having previously resided with his family, at Cincinnati, was unfortunate in business as a brick-maker and brick-layer; and in the year 1856, removed to Chicago, leaving his family here, with the intention of taking them to Chicago at a subsequent time and making it his permanent residence. His purpose, as he states in his testimony, in leaving his wife, was that his younger children might be educated at the high school in Cincinnati. He continued at Chicago, in pursuit of his business, until 1859, intending, up to that time, to remove his family and continue his residence permanently there. His wife, however, being opposed to living at Chicago, in 1859 he came back to Cincinnati. The testimony is satisfactory to prove his intention to have been, in going to Chicago, to make that place his home. It is also proved, by those who knew him intimately, that while absent he was regarded as having his residence at Chicago. And, in support of this conclusion, it is proved that while there he voted for two successive years, including the year in which this suit was commenced.

It is clear that, in this state of facts, the plea to the jurisdiction is not sustained. The plaintiff was a citizen of Illinois in 1858, when this suit was brought, having gone there without any intention of leaving, and having there exercised the right of voting as a citizen of that state. He was not, therefore, at that time a citizen of Ohio, and had an undoubted right to sue in this court. The fact, that owing to his wife's opposition to living at Chicago he subsequently left the place, does not prove he did not go there for a permanent settlement, nor that he was not a citizen of Illinois when this suit was brought. His subsequently formed purpose of leaving Chicago can not affect or invalidate the evidence of his actual residence there at the time stated. Neither does the fact of his leaving a part of his family at Cincinnati, under the circumstances proved, negative the fact of citizenship in Illinois. [Shelton v. Tiffin] 6 How. [47 U. S.] 163, 185; [Ennis v. Smith] 14 How. [55 U. S.] 422.

The plea to the jurisdiction is overruled.